MARGARET McCARRON, PLAINTIFF-RESPONDENT, v. ERIE RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted January 29, 1932—Decided April 8, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-respondent, *George Gold.*

For the defendant-appellant, *Hobart & Minard* (*George S. Hobart* and *Augustine J. Kelly,* of counsel).

Per Curiam.

The plaintiff had judgment for $250. The case was tried before the court without a jury. The plaintiff suffered injuries, when she fell, while walking along the railroad right of way after alighting from a train of the Susquehanna Railroad Company, which had come to a stop at a point some distance from the defendant's Jersey City terminal.

The plaintiff, who was employed in New York, had an Erie railroad commutation ticket between Paterson and New York. On December 5th, the day of her injury, she boarded the Susquehanna train at Paterson and her ticket was subsequently punched by the conductor. The train came to a stop before it reached the Jersey City terminal of the Erie railroad. When nearly all the passengers had alighted, the plaintiff got off and started to walk along a small wooden footpath between the tracks, when she tripped and fell, suffering the injuries of which she complained. Some of the platform boards were missing; the engine was letting off steam; the train crew were shouting cautionary words, and although she was walking carefully and watching her steps the accident happened.

We incline to the view that there was sufficient proof to justify the finding of the court below that the plaintiff was a passenger. She had paid her fare to the Erie railroad, and was riding on a train furnished for her transportation upon which her commutation ticket was accepted. She was bound to the Erie terminal and had a contract with that road for her transportation. See, generally, 10 *Corp. Jur.* 610; *Ross* v. *Pennsylvania Railroad Co.,* 106 *N. J. L.* 536; 138 *Atl. Rep.* 741.

Further, it seems that the proofs support the finding of negligence. "In the absence of special circumstances the carrier performs its whole duty by conveying the passenger to his destination and giving him notice and a reasonable opportunity to leave the train." 10 *Corp. Jur.* 830. "The carrier is bound to exercise care in securing the safety of the passenger while boarding and alighting from its cars or other

conveyances, and the degree of care required in the discharge of this duty is the highest care, or the care which a very prudent person would use under the circumstances, that is, that high degree of care which is required with reference to the transportation of passengers; and where a carrier misleads a passenger with reference to time, the place, and the safety of boarding or alighting, it is liable for the injuries sustained." *Ibid.* 924.

There was testimony that there was a wreck ahead; the train was delayed in pulling into the station; the passengers were all alighting and there were trainmen and employes who were permitting such action to be taken, and who were guiding and cautioning the passengers who had so alighted. This is not a case where the passenger had reached the street, or a point of safety outside the station, but a case where there was a permissive exit at a place not generally provided for the purpose but made necessary because of the wreck. The court could find from the proofs a failure to exercise the care required under all the circumstances. The mere existence of the pipe and defective planking is not the negligence complained of, but the failure to use due care for her safety, by reason of the permissive use of the way in question.

Under the facts proved the plaintiff was not a trespasser. The railroad permitted her to leave the train in the same way that other passengers had gone, and, as before indicated, the contract of carriage obligated the railroad to carry her with due care to her destination.

The facts proved justify the conclusions of the court below. The judgment is affirmed, with costs.